21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Debra NOLAND, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2938.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 22, 1994.
Filed: April 28, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Debra Noland appeals pro se from the final order entered in the District Court[1] for the Eastern District of Arkansas, denying her 28 U.S.C. Sec. 2255 motion to vacate her sentence. For the reasons discussed below, we affirm.
 
 
 2
 A jury convicted Noland of committing and conspiring to commit arson and mail fraud. She was sentenced under the Guidelines, to 93 months imprisonment, three years supervised release, and a $400 special assessment. Noland appealed, challenging the admission of Fed. R. Evid. 404(b) evidence and the enhancement of her base offense level for obstruction of justice at sentencing. This court affirmed. United States v. Noland, 960 F.2d 1384 (8th Cir. 1992).
 
 
 3
 Noland then moved to vacate her sentence, asserting that newly discovered evidence-an unsigned statement written by her mother, Rachel Tucker-exonerated her from any involvement in the arson. In the statement, Tucker stated that her nephew, James Tucker, extorted money from her and intentionally set fire to Noland's house to provide the family with a source of funds. The government's theory of the case had been that Noland paid James and her brother to set fire to her home so she could collect insurance proceeds; James Tucker pleaded guilty to the conspiracy and testified for the government. Rachel Tucker asserted her Fifth Amendment rights and refused to testify at Noland's trial.
 
 
 4
 Noland also asserted in her Sec. 2255 motion that she received ineffective assistance of counsel because her trial counsel failed to (1) obtain a cause-and-origin expert to challenge the government's evidence on the nature of the fire; (2) allow her financial analyst to testify and challenge the government's evidence establishing that she filed an inflated insurance claim; (3) properly prepare her and her daughter's testimony; (4) call a witness who would have discredited James Tucker's testimony; (5) investigate the crime scene, which hampered his ability to cross-examine the government's cause-and-origin expert; (6) object to the placement of a gasoline can in front of the jury throughout the trial; and (7) challenge a juror who had had a relationship with Noland's sister which had ended badly fifteen years earlier.
 
 
 5
 After a hearing, the magistrate judge[2] concluded that the statement from Noland's mother was inadmissible hearsay, and thus, there was nothing in the record to support Noland's claim of newly discovered evidence. The magistrate judge also concluded that Noland did not show she was prejudiced by her trial counsel's failure to call a cause-and-origin expert, to visit the crime scene, or to object to the presence of the gasoline can. The magistrate judge credited her trial counsel's testimony that the financial analyst would not have aided the defense and that he prepared Noland and her daughter for their trial testimony. The magistrate judge found there was no reasonable probability that the witness's testimony would have produced an acquittal and that the claim of juror bias was too vague. After conducting de novo review, the district court adopted the magistrate judge's recommendations.
 
 
 6
 On appeal, Noland argues that her due process rights were violated by the admission of Rule 404(b) evidence; that her trial counsel provided ineffective assistance; that her mother's state- ment, constituting newly discovered evidence, warrants a new trial; and that her two-level enhancement for obstruction of justice was arbitrary and capricious.
 
 
 7
 Noland's arguments regarding the admissibility of Rule 404(b) evidence and her sentence enhancement were resolved in her direct criminal appeal and may not be relitigated in this Sec. 2255 motion. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam).
 
 
 8
 For a statement to qualify under the Fed. R. Evid. 804(b)(3) hearsay exception, the declarant must be unavailable, the statement must so far tend to subject the declarant to criminal liability that a reasonable person would not have made the statement unless he or she believed it to be true, and corroborating circumstances must clearly indicate the trustworthiness of the statement. See United States v. Bobo, 994 F.2d 524, 528 (8th Cir.), cert. denied, 114 S. Ct. 250 (1993). Even if the statement could be construed as against penal interest, the district court correctly concluded there were not sufficient corroborating circumstances to indicate trustworthiness. We note that Rachel Tucker was involved in other criminal activity with James (who was to testify against her also) and had a history of insurance claims for fires, and that Noland's sister's bald assertion of her mother's truthfulness lacked credibility. Thus, the district court did not err in excluding the statement from evidence and in denying Noland's claim of newly discovered evidence.
 
 
 9
 We agree with the district court that Noland has not shown she was prejudiced by her trial counsel's alleged ineffectiveness. Noland showed neither that her trial counsel's performance was deficient nor that, but for her trial counsel's errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
 
 
 10
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas